IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Tyrone Guinn,               )
      Plaintiff,        )
                            )
                            )
  v.                        )
                            )  Civil Action No. 00075-KAJ
Thomas Carroll, Marcello Rispoli, Lise  )
Merson, David Phillips, Mr. McCreanor, and )
Mr. Gonzalez,               )
      Defendants.       )

## ANSWER TO COMPLAINT

State Defendants Carroll, Rispoli, Merson, Phillips, McCreanor, and Gonzalez, by and through undersigned counsel, hereby answer the complaint as follows:

1. Admitted that Plaintiff is a prisoner in the custody of the Delaware Department of Correction and currently housed in the Delaware Correctional Center, Smyrna, Delaware.

2. Admitted that Defendants' Carroll, Rispoli, Merson, Phillips, McCreanor and Gonzalez are employed with the Delaware Department of Correction as alleged in Plaintiff's parties identified.

3. State Defendants deny that they subjected or caused to be subjected, Plaintiff to the deprivation of any rights protected by federal law.

4. State Defendants deny that they are subject to § 1983 liability as a result of Plaintiff's placement in disciplinary segregation for 14 days commencing on or about June 30, 2004.

5. State Defendants deny that they are subject to § 1983 liability for the alleged

        deprivation of Plaintiff's Due Process rights commencing on or about June 30, 2004.

6.     State Defendants deny that they are subject to § 1983 liability for the alleged conditions of confinement imposed on Plaintiff while in disciplinary segregation commencing on or about June 30, 2004.

7.     State Defendants deny that Plaintiff's placement in disciplinary segregation constituted a constitutional violation.

8.     State Defendants deny that they acted with deliberate indifference to Plaintiff's health or safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

## RELIEF

9.     It is specifically denied that Plaintiff is entitled to compensatory damages or punitive damages.

10.     It is specifically denied that Plaintiff is entitled to any other relief.

## AFFIRMATIVE DEFENSES

11.     Plaintiff failed to state a claim upon which relief can be granted.

12.     Plaintiff failed to exhaust his administrative remedies.

13.     Plaintiff's suit for monetary damages against State Defendants as set forth in paragraph V is barred by the Eleventh Amendment to the United States Constitution.

14.     Plaintiff failed to show that State Defendants are liable for alleged

constitutional deprivations in the absence of any State Defendants' personal involvement.

15. Plaintiff is barred from suit imposing § 1983 liability against State Defendants on the basis of a *respondeat* superior theory.

16. To the extent of actual involvement, State Defendants acted in good faith, as state officers, or as individuals in all actions which relate to the Plaintiff, and therefore, are immune from all claims alleged in Plaintiff's complaint.

Wherefore, the State Defendants demand that judgment be entered in their favor as to all claims and against the plaintiff as to all claims, and attorney's fees and costs be awarded to defendants.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


 /s/ Ophelia M. Waters
Ophelia M. Waters, I. D. #3879
Deputy Attorney General
Carvel State Office Building
820 North French Street, 6th Floor
Wilmington, Delaware 19801
 (302) 577-8400
Counsel for State Defendants

Dated: June 26, 2006