IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tyrone Guinn,  )<br>          Plaintiff,  )<br>  )<br>  )<br>     v.  )<br>  )   Civil Action No. 06-075-***<br>Thomas Carroll, Marcello Rispoli, Lise  )<br>Merson, David Phillips, Mr. McCreanor, and  )<br>Mr. Gonzalez,  )<br>          Defendants. | |

**STATE DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

State Defendants, by and through their undersigned counsel, hereby oppose Plaintiff's request for the appointment of counsel, and request this Honorable Court to deny Plaintiff's motion. In furtherance of their answer in opposition, the Defendants represent as follows:

1.  The Plaintiff, Tyrone Guinn, SBI 375731, is a prisoner of the State of Delaware, sentenced to a period of incarceration in the Delaware correctional system. He is currently incarcerated in the Delaware Correctional Center, Smyrna, Delaware. Plaintiff commenced this action on or about February 3, 2006, by forwarding his complaint and request to proceed *in forma pauperis* to the United States District Court for the District of Delaware. Therein, Plaintiff claims these defendants violated his Eighth Amendment right by placing him in "isolation for a disciplinary reason under strip cell conditions when [he] was not a threat to [himself] or been classified or recommended by mental health personal's bein (sic) seen and known to be a threat to [his] life." (D.I. 2). Plaintiff also filed a Motion for Appointment Counsel on April 4, 2006. (D.I. 9).

2. By Order of the Court dated February 21, 2006, Plaintiff was granted leave to proceed *in forma pauperis* and directed to make service of process. (D.I. 6). Waivers of Service returned executed as to several defendants. (D.I.I. 11, 12, 14-17). This Honorable Court issued an order denying without prejudice Plaintiff's request for the appointment of counsel. (D.I. 13). This Court held that service had not been completed on all the defendants, and therefore the motion was premature.

3. On June 26, 2006, undersigned counsel entered her appearance on behalf of the defendants waiving service of process. (D.I.18). On or about the same time, Defendants filed an answer as to all claims against Carroll, Rispoli, Merson, Gonzales, Phillips and McCreanor, with affirmative defenses. (D.I.19). Following the answer, this Honorable Court set August 14, 2006 for a scheduling teleconference with the parties. (D.I. 21). Consistent with the Court's directive, the parties presented a proposed scheduling calendar.

4. On or about July 11, 2006, Plaintiff renewed his Motion to Appoint Counsel once again stating that he is incarcerated, that he has limited knowledge of the law and that access to the law library and law materials are limited, and that appointment of counsel would serve the best interests of justice in this case. (D.I. 22). Discovery proceeded with initial disclosures and requests by plaintiff, and a discovery plan proposed by defendants. (D.I.I. 25, 27, 28). As scheduled, a teleconference was held with the parties and the Honorable Court on August 14, 2006. (D.I. 29-31). A scheduling Order followed the conference. This case was then referred to mediation, and another teleconference was set for October 26, 2006. (D.I.I. 32-33). On or about August 24, 2006, Plaintiff re-filed his motion to appoint of counsel. (D.I. 34). The Clerk of Court

issued a deficiency notice to plaintiff for lack of service of this motion on defendants. (D.I. 37).

    5.    On October 31, 2006, Defendants caused to be served 636 documents to plaintiff, in response to the request for the production of documents. (D.I. 38). Shortly thereafter, the Court granted Defendants motion to depose plaintiff. (D.I. 40). Deposition took place on November 17, 2006 at the Delaware Correctional Center. Id.

    6.    On November 17, 2006, plaintiff filed a letter alleging a discovery dispute and seeking another teleconference. (D.I. 44). Simultaneously, plaintiff filed a fourth motion for counsel. (D.I. 45). The parties were then noticed that this case is reassigned due to a recent vacancy on the court. (D.I. 48). Plaintiff followed this notice with a fifth motion for the appointment of counsel. (D.I. 49). Plaintiff also wrote a letter to the court that the parties had a discovery dispute. (D.I. 50). The Court has set a teleconference for January 23, 2006. (D.I. 51). Defendants have supplemented the discovery records, and have filed a motion for summary judgment with accompanying memorandum of points and authorities. (D.I.I.52-54).

    7.    Again, on January 18, 2006, plaintiff filed another motion for the appointment of counsel. (D.I. 55). As with the previous motions for appointment, plaintiff alleges that he is incarcerated, that he is unskilled in the law, that he is disadvantage to litigate because his access to a law library is limited, and that appointment would serve the best interests of justice in this case. Id..

    8.    Defendants contend by way of this Opposition to this Motion that the issues in this case are straight-forward, the Plaintiff has demonstrated a firm grasp of the legal precepts involved, and Plaintiff's request for counsel is, at best premature. Indeed,

plaintiff is presenting his case sufficiently, and does not reveal any circumstances in the case necessitating the appointment of counsel for him. This case is neither factually nor legally complex. Upon reviewing the pleadings and other papers filed in this action Plaintiff has demonstrated the ability to litigate this action pro se. Moreover, the Plaintiff has not made a showing of any other special circumstances indicating the likelihood of substantial prejudice.

9. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."). It is solely within the court's discretion to request appointed counsel for indigent civil litigants. 28 U.S.C. § 1915 (e) (1). In exercising its discretion, the court must initially determine whether Plaintiff's claim "has arguable merit in fact and law." *Parham v. Johnson*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994)). If this threshold is successfully crossed, the court "must perform the requisite six-factor *Tabron* analysis." *Parham*, 126 F.3d at 459. These factors are:

> (1) The plaintiff's ability to present his or her own case;
> (2) The complexity of the legal issues;
> (3) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) The amount a case is likely to turn on credibility determinations;
> (5) Whether the case will require the testimony of expert witnesses;
> (6) Whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-156, 157 n. 5). While these factors should guide the court in evaluating the appointment of counsel, this list is not exhaustive and the court retains broad discretion. *Tabron*, 6 F.3d at 157. The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity. . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'"

*Id., quoting Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

10. Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need for expert testimony. *Tabron* analysis.

11. Concerning Plaintiff's ability to present his own case, Plaintiff argues in his motion that he is incarcerated and unskilled in the law. (D.I. 55). Plaintiff's extensive pleadings indicate the contrary. Plaintiff has filed a complaint and several motions. Clearly, Plaintiff has demonstrated that he has a sufficient grasp of English, both reading and writing, and that he has been able to utilize such resources as a typewriter, photocopying machine, pen, paper, as well as law library services. In sum, Defendants believe that Plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case.

12. Concerning the complexity of the legal issues raised by Plaintiff's claims, essentially, his claim is a deprivation of the "minimal measure of life's necessities" such as food, shelter, and clothing in violation of his constitutional rights. Defendants believe that Plaintiff has demonstrated he has the ability and resources to research adequately, prepare, and respond to legal issues presented by this case.

13.     Concerning the factual investigation necessary to the full presentation of Plaintiff's claims, and Plaintiff's ability to pursue the same, Plaintiff argues in his motion that Defendants limit his access to the law library. Therefore, he argues, appointing counsel would serve the interests of justice. (D.I. 55).  Defendants believe Plaintiff has the ability to pursue a factual investigation sufficiently to make a case against the appointment of counsel. In fact, Defendants have provided plaintiff with at least 666 documents, consisting of incident reports relevant to and surrounding events of the complaint, medical records documenting medical care and treatment, and institutional records and reports associated with the assault he committed against correctional officers and another inmate. (D.I.I.38 , 52).

14.     Concerning the impact of credibility in the resolution of this case, the need for expert witnesses, and whether the Plaintiff can afford or obtain counsel on his own behalf, Defendants believe credibility will not be a central issue in this case -  this factor weighs against the appointment of counsel.  Expert testimony does not appear to be required - this also weighs against the appointment of counsel.  In light of this Court's grant of *in forma pauperis* status, it seems clear Plaintiff could not afford to retain counsel - this factor weighs in favor of the appointment of counsel.  Defendants believe this latter factor is outweighed by the other factors in the *Tabron* analysis, and are unaware of any other factors or concerns supporting the exercise of this Court's discretion to appoint counsel.

15.     Plaintiff raises issues in this motion for appointment of counsel which would not require the Court to grant his motion. This case is neither factually nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by

filing motions. Finally, Plaintiff fails to demonstrate any other factors or circumstances which warrant the appointment of counsel.

      WHEREFORE, based on the foregoing reasons, Defendants respectfully request this Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

                              STATE OF DELAWARE
                              DEPARTMENT OF JUSTICE

                              /s/Ophelia M. Waters_____
                              Ophelia M. Waters, I.D. No. 3879
                              Deputy Attorney General
                              Carvel State Building, 6th Floor
                              820 N. French Street
                              Wilmington, Delaware 19801
                              (302) 577-8400

Date: January 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tyrone Guinn,        )<br>        Plaintiff,        )<br>        )<br>        )<br>    v.        )<br>        )    Civil Action No. 06-075-***<br>Thomas Carroll, Marcello Rispoli, Lise    )<br>Merson, David Phillips, Mr. McCreanor, and )<br>Mr. Gonzalez,        )<br>        Defendants.    | |

**O R D E R**

AND NOW THIS _____ day of _____, 2007, the Plaintiff's Motion for Appointment of Counsel having been presented and the parties' pleadings with respect thereto having been considered, it is hereby

**ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I electronically filed *State Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on January 19, 2007, I have mailed by United States Postal Service, the document to the following non-registered participant: Todd Guinn; SBI # 375731; Delaware Correctional Center; 1181 Paddock Road; Smyrna, DE 19977.

.

                                    **STATE OF DELAWARE**
                                    **DEPARTMENT OF JUSTICE**

                                    /s/ Ophelia M. Waters
                                    Ophelia M. Waters, I.D. #3879
                                    Deputy Attorney General
                                    820 North French Street, 6th Floor
                                    Wilmington, Delaware 19801
                                    (302)577-8400
                                    ophelia.waters@state.de.us