IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TYRONE GUINN, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 06-75-*** |
| MARCELLO RISPOLI, et al. | ) ) ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9 day of April, 2007, having considered plaintiff's pending motions;

IT IS ORDERED that:

1. Plaintiff's motions for appointment of counsel are **denied** without prejudice. (D.I. 22, 34, 45, 49, 55.) Plaintiff, an inmate at the Delaware Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se, and was granted leave to proceed in forma pauperis. He seeks appointed counsel on the bases that he is incarcerated, unskilled in the law, has limited access to the law library, and appointed counsel would serve the best interests of justice. Defendants oppose the motions. (D.I. 56)

2. Plaintiff, a pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d

Cir. 2002). It is within the court's discretion to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting. . .from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including: (1) plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue investigation; (4) plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and 6) whether the case will require testimony from expert witnesses. Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

4. In the present case, plaintiff has shown that he is able to articulate the alleged facts clearly. To date, the motions he has filed evidence his ability to understand and implement the Federal Rules of Civil Procedure. Also, this is not a complex case. Moreover, plaintiff's case will most likely not require expert testimony.

5. Plaintiff's motion for temporary restraining order is **denied**. (D.I. 59.) The pending motion refers to a motion for preliminary injunction filed on January 19, 2007, that was scheduled for a hearing on February 22, 2007. The court docket sheet

contains no such entries. However, in reading the pending motion, it appears plaintiff seeks injunctive relief based upon the allegations in his complaint.

6. When considering a motion for a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

7. Plaintiff's complaint contains allegations of unconstitutional conditions of confinement during the time he was in isolation. He also refers to disciplinary proceedings. There is no indication that plaintiff continues to be housed in isolation, and the disciplinary proceedings have long since concluded. Plaintiff fails to meet two elements necessary for imposition of injunctive relief; that he is likely to succeed on the merits, and that denial will result in his irreparable harm.

Honorable Mary Pat Thynge
U.S. Magistrate Judge