IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tyrone Guinn,<br>      Plaintiff,<br><br>  v.<br><br>Thomas Carroll, Marcello Rispoli, Lise<br>Merson, David Phillips, Michael McCreanor,<br>Victor Gonzalez,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-075-GMS<br>)<br>)<br>)<br>) |

**STATE DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

State Defendants, by and through their undersigned counsel, hereby oppose Plaintiff's request for the appointment of counsel, and request this Honorable Court to deny Plaintiff's motion. In furtherance of their answer in opposition, the Defendants represent as follows:

1.   The Plaintiff, Tyrone Guinn, SBI 375731, is a prisoner of the State of Delaware, sentenced to a period of incarceration in the Delaware correctional system. He is currently incarcerated in the Community Corrections Center at the Sussex Work Release Unit, Georgetown, Delaware. Plaintiff commenced this action on or about February 3, 2006, by forwarding his complaint and request to proceed *in forma pauperis* to the United States District Court for the District of Delaware. Therein, Plaintiff claims these Defendants violated his Eighth Amendment right when he was transferred to isolation confinement after he threw feces on duty officers. (D.I. 2). The docket reflects that Plaintiff has filed several requests for the appointment of counsel, (D.I. 9, 22, 45, 49, 55) all of which the Court has denied. Plaintiff's latest request has been filed on February 20, 2008. (D.I. 65).

2. Notwithstanding Plaintiff's requests for counsel, he has filed discovery requests, initial disclosures, filed status reports, request leave to amend his complaint, and has participated in teleconferences set by the Court.

3. On October 31, 2006, Defendants caused to be served 636 documents to plaintiff, in response to the request for the production of documents. (D.I. 38). Shortly thereafter, the Court granted Defendants motion to depose plaintiff. (D.I. 40). Deposition took place on November 17, 2006 at the Delaware Correctional Center. Id.

4. Again, on February 20, 2008, Plaintiff filed another motion for the appointment of counsel. (D.I. 65). As with the previous motions for appointment, Plaintiff alleges that he is incarcerated, that he is unskilled in the law, that he is disadvantage to litigate because his access to a law library is limited, and that appointment would serve the best interests of justice in this case. Id..

5. Defendants contend by way of this Opposition to this Motion that the issues in this case are straight-forward, the Plaintiff has demonstrated a firm grasp of the legal precepts involved. Indeed, Plaintiff is presenting his case sufficiently, and does not reveal any circumstances in the case necessitating the appointment of counsel for him. This case is neither factually nor legally complex. Upon reviewing the pleadings and other papers filed in this action, Plaintiff has demonstrated the ability to litigate this action *pro se*. Moreover, the Plaintiff has not made a showing of any other special circumstances indicating the likelihood of substantial prejudice.

6. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the Court of Appeals found a

constitutional right to counsel for civil litigants."). It is solely within the Court's discretion to request appointed counsel for indigent civil litigants. 28 U.S.C. § 1915 (e)(1). In exercising its discretion, the court must initially determine whether Plaintiff's claim "has arguable merit in fact and law." *Parham v. Johnson*, 126 F.3d at 457 (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied* 510 U.S. 1196 (1994)). If this threshold is successfully crossed, the court "must perform the requisite six-factor *Tabron* analysis." *Parham*, 126 F.3d at 459. These factors are:

> (1) The plaintiff's ability to present his or her own case;
> (2) The complexity of the legal issues;
> (3) The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) The amount a case is likely to turn on credibility determinations;
> (5) Whether the case will require the testimony of expert witnesses;
> (6) Whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-156, 157 n. 5). While these factors should guide the court in evaluating the appointment of counsel, this list is not exhaustive and the court retains broad discretion. *Tabron*, 6 F.3d at 157. The court should also consider that

> "'[v]olunteer lawyer time is a precious commodity. . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.'"

*Id., quoting Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

      7. Therefore, the factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability to pursue such investigation, the likelihood that witnesses credibility will be the key issue, and the need

for expert testimony. *Tabron* analysis.

       8.      Concerning Plaintiff's ability to present his own case, Plaintiff argues in his motion that he is incarcerated and unskilled in the law. (D.I. 65). Plaintiff's extensive pleadings indicate the contrary. Plaintiff has filed a complaint and several motions. Clearly, Plaintiff has demonstrated that he has a sufficient grasp of English, both reading and writing, and that he has been able to utilize such resources as a typewriter, photocopying machine, pen, paper, as well as law library services. In sum, Defendants believe that Plaintiff's pleadings and submissions thus far indicate a more than adequate ability to present his own case.

       9.      Concerning the complexity of the legal issues raised by Plaintiff's claims, essentially, his claim is a deprivation of the "minimal measure of life's necessities" such as food, shelter, and clothing in violation of his constitutional rights. Defendants believe that Plaintiff has demonstrated he has the ability and resources to research adequately, prepare, and respond to legal issues presented by this case.

      10.     Concerning the factual investigation necessary to the full presentation of Plaintiff's claims, and Plaintiff's ability to pursue the same, Plaintiff argues in his motion that the administration at the Sussex Work Release Unit does not "assist inmates in the preparation and filing of meaning legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Therefore, he argues, appointing counsel would serve the interests of justice. (D.I. 65). Defendants believe Plaintiff has the ability to pursue a factual investigation sufficiently to make a case against the appointment of counsel. In fact, Defendants have provided Plaintiff with at least 666 documents, consisting of incident reports relevant to and surrounding events of

the complaint, medical records documenting medical care and treatment, and institutional records and reports associated with the assault he committed against correctional officers and another inmate. (D.I.38, 52).

11.    Concerning the impact of credibility in the resolution of this case, the need for expert witnesses, and whether the Plaintiff can afford or obtain counsel on his own behalf, Defendants believe credibility will not be a central issue in this case - this factor weighs against the appointment of counsel. Expert testimony does not appear to be required - this also weighs against the appointment of counsel. In light of this Court's grant of *in forma pauperis* status, it seems clear Plaintiff could not afford to retain counsel - this factor weighs in favor of the appointment of counsel. Defendants believe this latter factor is outweighed by the other factors in the *Tabron* analysis, and are unaware of any other factors or concerns supporting the exercise of this Court's discretion to appoint counsel.

12.    Plaintiff raises issues in this motion for appointment of counsel which would not require the Court to grant his motion. This case is neither factually nor legally complex. Plaintiff continues to demonstrate the ability to litigate this action *pro se* by filing motions. Finally, Plaintiff fails to demonstrate any other factors or circumstances which warrant the appointment of counsel.

WHEREFORE, based on the foregoing reasons, Defendants respectfully request this Honorable Court enter an order denying Plaintiff's motion for appointment of counsel.

                                              STATE OF DELAWARE
                                              DEPARTMENT OF JUSTICE

                                              /s/Ophelia M. Waters
                                              Ophelia M. Waters, I.D. No. 3879
                                              Deputy Attorney General
                                              Carvel State Building, 6th Floor
                                              820 N. French Street
                                              Wilmington, Delaware 19801
Date: March 4, 2008                         (302) 577-8400

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Tyrone Guinn,                              )<br>　　　　Plaintiff,                           )<br>                                                    )<br>                                                    )<br>　　v.                                            )<br>                                                    )    Civil Action No. 06-075-GMS<br>Thomas Carroll, Marcello Rispoli, Lise  )<br>Merson, David Phillips, Michael McCreanor )<br>Victor Gonzalez,                            )<br>　　　　Defendants.                      ) | |

**O R D E R**

AND NOW THIS _____ day of _____, 2008, the Plaintiff's Motion for Appointment of Counsel having been presented and the parties' pleadings with respect thereto having been considered,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　Honorable Gregory M. Sleet, Chief Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2008 , I electronically filed *State Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* with the Clerk of Court using CM/ECF. I hereby certify that on March 4, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant: Tyrone Guinn; SBI # 375731; Sussex Community Corrections Center; 23207 DuPont Boulevard, Georgetown, DE 19947.

.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Ophelia M. Waters
Ophelia M. Waters, I.D. #3879
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302)577-8400
ophelia.waters@state.de.us