IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TYRONE GUINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-075-GMS |
| | ) | |
| MARCELLO RISPOLI, LISE M. | ) | |
| MERSON, THOMAS CARROLL, | ) | |
| DAVID PHILLIPS, MICHAEL | ) | |
| MCCREANOR, and VICTOR | ) | |
| GONZALEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Tyrone Guinn ("Guinn"), a prisoner incarcerated at the James T. Vaughn

Correctional Center ("JVCC"), formerly the Delaware Correctional Center ("DCC"), Smyrna,

Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. Guinn appears *pro se* and was granted

leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Presently before the court are the defendants' motion for summary judgment and the

plaintiff's motions for temporary restraining order and to appoint counsel. (D.I. 53, 60, 65.) For

the reasons that follow, the court will grant the motion for summary judgment, and will deny the

motions for temporary restraining order and to appoint counsel.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Guinn alleges that the defendants violated his civil rights when he was placed in isolation

for disciplinary reasons under strip cell conditions. Guinn alleges that he was not a threat to

himself and had not been classified, recommended by mental health personnel, or known to be a

threat to himself when he was placed in isolation. (D.I. 2.) Guinn alleges that he was left in his "undershorts" and asked for clothing, sheets and blankets only to be told, "No." (*Id.*) Guinn alleges that he asked numerous prison employees for his property and sheets and blankets, to no avail. He filed a grievance regarding the matter and was told it was "non-grievable." Guinn alleges that he "did 14 days in isolation with no clothing or nothing."

The record reflects that on June 30, 2004, Guinn was standing alone in the SHU recreation yard and threw a container of human waste on correction officers Stevens and Shannon and an inmate as they walked through the recreation yard. (D.I. 54, ex. A, 6; ex. B.) A shuffle ensued. (*Id.*) As a result, Captain McCreanor ("McCreanor"), Lieutenant Marcello Rispoli ("Rispoli"), Sergeant Phillips ("Phillips"), and Shannon escorted Guinn to Building 18 to the isolation unit of tier C, lower-level cell 2 ("CL2"). (*Id.*) Once they arrived there, Guinn was stripped. (*Id.*) He was wearing his jumpsuit until Phillips told him to take it off. (D.I. 54, ex. A, 7.) There was a routine strip search and Guinn's boxers were returned to him. (*Id.*) Also, a nurse was summoned to examine Guinn. (D.I. 54, ex. A, 6.) Guinn had no bumps or bruises. (*Id.* at 7.)

Guinn's clothing was not returned while he was in isolation and he wore only his boxers. (*Id.*) The cell Guinn was placed in had a toilet and a bed. (D.I. 54, ex. A, 11.) He received three meals a day, medical staff made rounds every day early in the morning, and was allowed to exercise. (D.I. 54, ex. A, 13, ex. C.) Guinn testified that he had only his boxers and no sheets or blankets for fourteen days, and this deprived him of human basic needs.[1] (*Id.* at 11.)

---

[1]Guinn testified the conditions were "below zero conditions, freezing temperatures." (D.I. 54, ex. A, 13.) The National Climatic Data Center indicates that the average temperature in Delaware for July 2004 was 75.80 degrees. www.climvis.ncdc.noaa.gov. Additionally, July

-2-

Guinn filed a grievance on July 2, 2004 complaining that he had been placed on strip cell status even though he was not a threat to himself. (*Id.* At 9.) Guinn remained in CL2 for fourteen days and, as a result of the occurrence, was criminally charged with disorderly and threatening behavior, assault, possession of dangerous contraband, and creating a health, safety or fire hazard.[2] (D.I. 54, ex. B.) He was prosecuted and convicted of one count of assault for his actions on June 30, 2004. (D.I. 54, ex. A, 8.)

Guinn testified that he sued Rispoli, McCreanor, and Phillips because they placed him in isolation under strip cell conditions without justification. (*Id.* at 11.) Guinn clarified that he sued Rispoli because he was the lieutenant that night in charge of the area; he sued Phillips because Phillips escorted him to isolation, told him to strip search, and took his clothing, except for his boxers, before he left; he sued Merson because she was the grievance chair and returned his grievances as "non-grievable;" and he sued former Warden Carroll ("Carroll") as a defendant because he was the warden of the institution and anything that goes on in the prison is under his control. (*Id.*) He also named Carroll as a defendant because he did not provide his officers with ordinary training skill in accordance with Department of Correction ("DOC") policies. (*Id.*) Guinn sued McCreanor because he was the captain of SHU and is responsible for anything that

2004 daily recorded temperatures in Dover, Delaware, twelve miles from Smyrna, varied from a low of 62 degrees to a high of 93 degrees. www.wunderground.com.

[2]Guinn received similar incident reports prior to the June 30, 2004 occurrence. For example, a January 14, 2004, incident report charged Guinn with creating a health, safety or fire hazard and for lying after feces and urine were noticed outside the floor of his cell. (D.I. 54, ex. A at Dep. ex. 1.) In May 2004, Guinn was ordered to remove a T-shirt from his head and he flushed it down the toilet. (D.I. 54, ex. A, 5.) Also, a 2003 reclassification form states that Guinn had a serious pattern of negative behavior and had received several write-ups for throwing urine and feces. (D.I. 54, ex. A at Dep at ex. 4.)

happens in Security Hosing Unit ("SHU"). (*Id.* at 12.) Finally, Guinn sued Gonzalez because Gonzalez worked in the isolation unit while Guinn was housed there and he deprived Guinn of sheets and blankets. (*Id.*)

## III. SUMMARY JUDGMENT

### A. Standard of Review

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted).

If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). A party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v.*

*United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Indeed, to survive a motion for summary judgment, plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The court, however, will not grant the entry of summary judgment without considering the merits of defendants' unopposed motion. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (holding that a district court should not have granted summary judgment solely on the basis that a motion for summary judgment was not opposed.").

Although the court must construe allegations in favor of a *pro se* plaintiff, *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), and the defendants bear the burden of proving that no genuine issue of material fact exists, the plaintiff must nonetheless, at the summary judgment stage, adduce more evidence than bald assertions in the pleadings without any factual support in the record. *See Bornstad v. Honey Brook Twp.*, 211 Fed. Appx. 118, 126 (3d Cir. 2007); *DeHart v. Horn*, 390 F.3d 262, 267 (3d Cir. 2004) ("In reviewing the grant of summary judgment, we must affirm if the record evidence submitted by the non-movant 'is merely colorable or is not significantly probative.'" (internal citation omitted)); *see also Beard v. Banks*, 548 U.S. 521, 530-534 (2006). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The defendants move for summary judgment on the grounds that they did not violate Guinn's constitutional rights under the Eight Amendment; Carroll had no personal involvement in the alleged violation and there is no respondeat superior liability under 42 U.S.C. § 1983;

-5-

Guinn failed to exhaust his administrative remedies; and the defendants are entitled to qualified immunity. Guinn did not file a response to the motion.

## B. Conditions of Confinement

Guin complains that he was subjected to unlawful conditions of confinement when, in July 2004, he was housed in isolation, under strip cell conditions, for fourteen days without sheets or blankets and only wearing his boxers. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement [and to] ensure that inmates receive adequate food, clothing, shelter, and medical care". *Farmer v. Brennan*, 511 U.S. 825, 832 (1984)(internal citation and quotation omitted). When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001).

Guinn alleges that he was denied clothing and had no sheets or blankets for a period of time. "The Constitution . . . does not mandate comfortable prisons." *Wilson*, 501 U.S. at 298. "In considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without those benefits." *Hoptowit v. Ray*, 682 F.2d

1237, 1258 (9th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. 678, 685 (1978)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir.1994)*; Dumas v. Pennsylvania Dep't of Corr.*, Civ. No. 07-142, 2007 WL 1276908 (W.D. Pa. Apr. 30, 2007) (no conditional violation where plaintiff alleges he was in filthy conditions for only three weeks); *Castro v. Cheney*, No. 97-4983, 1998 WL 767467, at *6 (E.D. Pa. Nov. 3, 1998).

The facts before the court do not rise to the level of a constitutional violation. Here, Guinn alleges that he was not provided with sheets or blankets for a two week period. However, the denial of bedding for a period of fourteen days does not rise to the level of a constitutional violation. *See Lane v. Culp* Civ. No. 05-576, 2007 WL 954101 (W.D. Pa. Mar. 28, 2007) (denial of clothing and bedding for a period of seven days does not rise to the level of a constitutional violation); *Castro*, 1998 WL 767467, at *8 ("Plaintiff's allegation that he was deprived of a mattress and blanket for a period of two days, even if proved, would not rise to the level of a constitutional violation." *See also, Stephens v. Cottey*, 145 Fed. Appx. 179, 181 (7th Cir. Aug. 11, 2005) (no Eighth Amendment violation exists where prisoner spent three days without a mattress sleeping on a metal bedframe and five days with no bedframe sleeping on the floor); *Schroeder v. Kaplan*, 60 F.3d 834 (Table), 1995 WL 398878, at *2 n.6 (surveying district courts findings on whether failure to provide a mattress violated the Eighth Amendment and concluding that courts have "reached inconsistent conclusions"). The court concludes that the short period of time that Guinn was housed in the "strip cell" without sheets or blankets did not violate his constitutional rights. The temperatures were not cold and Guinn's cell contained a bed. Moreover, Guinn's only complaint is that he was cold, but he provided no testimony of no serious physical harm. *See Laufgas v. Speziale*, 263 Fed. Appx. 192, 198 (3d Cir. 2008)

-7-

(dismissal appropriate when inmate failed to allege a specific physical injury).

Guinn further claims that he was not clothed during the two week period. Even where clothing is not provided to an inmate for punitive reasons, courts have found no violation of the Eighth Amendment where only minimal injury is alleged, and where other conditions of confinement are humane and sanitary. *Dumas v. Pennsylvania Dep't of Corr.*, Civ. No. 07-142, 2007 WL 1276908 (W.D. Pa. Apr. 30, 2007); *Rodgers v. Thomas*, 879 F.2d 380, 384-85 (8th Cir. 1989). The court again concludes there was no constitutional violation, particularly when considering Guinn's past history of flushing his clothing down the toilet.

Viewing the record in a light most favorable to Guinn as the court must, within the context of prison life, he has not established that he was denied "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Guinn has failed to satisfy the objective standard of the *Farmer* test. Moreover, he provided no evidence to prove his allegations of deliberate indifference by the defendants. The record reflects that Guinn received three meals a day and medical staff was provided on a regular basis. Accordingly, Guinn has failed to satisfy the subjective standard of the *Farmer* test.[3] For the above reasons, the court will grant the

[3]In a very similar case, the United States Court of Appeals for the Second Circuit used both *Bell v. Wolfish*, 411 U.S. 520 (1979) and *Farmer* in finding there was not a conditions of confinement violation under the Eighth Amendment. The Court stated, "although we apply the lower - and from the plaintiff's perspective, more easily met - deliberate indifference scienter requirement, this case occasions no exception to the rule that '[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security . . . . [W]e ask not simply whether the . . . Order was imposed with "deliberate indifference" to [the inmate's] health and safety, for it is indisputable that the Order was intended to make [the inmate] uncomfortable in an effort to alter his behavior. Rather, we consider whether the Order was reasonably calculated to restore prison discipline and security and, in that purposive context, whether the officials were deliberately indifferent to [the inmate's] health and safety." *Trammel v. Keane*, 338 F.3d 155, 163 (2d Cir. 2003).

defendants' motion for summary judgment.[4]

## VI. CONCLUSION

For the above stated reasons the court will grant the defendants' motion for summary judgment and will deny as moot plaintiff's motion for a temporary restraining order and motion to appoint counsel. An appropriate order will be entered.



CHIEF, UNITED STATES DISTRICT JUDGE

_____ Sept 16 , 2008
Wilmington, Delaware

FILED

SEP 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[4]Inasmuch as Guinn's constitutional rights were not violated, the court sees no need to address the other grounds raised by the defendants in support of summary judgment in their favor.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYRONE GUINN,                          )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )        Civil Action No. 06-075-GMS
                                       )
MARCELLO  RISPOLI, LISE M.             )
MERSON, THOMAS CARROLL,                )
DAVID PHILLIPS, MICHAEL                )
MCCREANOR, and VICTOR                  )
GONZALEZ,                              )
                                       )
        Defendants.                    )

**ORDER**

At Wilmington this _16th_ day of _Sept._, 2008, for the reasons set forth in

the Memorandum issued this date;

1.  The defendants' motion for summary judgment is **granted**.  (D.I. 53.)

2.  The plaintiff's motion for a temporary restraining order is **denied** as **moot**.  (D.I. 60.)

3.  The plaintiff's motion to appoint counsel is **denied** as **moot**.  (D.I.65.)

4.  The clerk of the court is directed to enter judgment in favor of the defendants and

against the plaintiff.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

**FILED**

SEP  1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE